UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RICHARD ELESON, | No. 2:13-cv-2363-EFB P |
| Petitioner, | |
| v. | ORDER |
| JOE A. LIZARRAGA, et al., | |
| Respondents. | |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 7, 2014, the undersigned dismissed this action without prejudice to filing a civil rights action pursuant to 42 U.S.C. § 1983 and judgment was duly entered. ECF Nos. 4, 5. Petitioner now moves for reconsideration of the order of dismissal. ECF No. 6.

Reconsideration is appropriate if the court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Additionally, Rule 60(b) of the Federal Rules of Civil Procedure provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake,

inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Petitioner has not shown that circumstances exist to justify the requested relief. Accordingly, IT IS HEREBY ORDERED that petitioner's motion for reconsideration (ECF No. 6) is denied.

DATED: March 6, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE